1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DEON HAYGOOD,                              No.  2: 20-cv-2346 KJN P

12                    Plaintiff,

13          v.                                   ORDER

14    GAVIN NEWSOM, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to

18   42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

19   § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local

20   Rule 302.

21          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

22   Accordingly, the request to proceed in forma pauperis is granted.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

24   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

25   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

26   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

27   and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

28   payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).

2

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are Governor Newsom, Mule Creek State Prison ("MCSP") Warden Lizarraga, MCSP Acting Warden Covello, California Department of Corrections and Rehabilitation ("CDCR") Deputy Director Diaz, CDCR Secretary of Health Care Toche and CDCR Director of Facility Operation of Adult Institutions Gipson.

Plaintiff alleges that the MCSP sewage treatment plant was not designed to handle the number of prisoners and staff currently at MCSP. More specifically, plaintiff alleges that in 1985, CDCR entered into a contract to build a sewage treatment plant capable of treating 0.76 millions of gallons of water per day at MCSP. The sewage treatment plant was to be completed by the time MCSP was occupied by 1,700 prisoners or within two years (1985-1987).

By 2006, MCSP had 3,996 inmates and 100 staff. At that time, MCSP opened a secondary wastewater treatment plant. The CDCR contract/agreement required CDCR to build a tertiary wastewater treatment plant to complete the system when the prison population reached 1,700 inmates or within two years after the construction contract. Plaintiff alleges that to date, no tertiary wastewater treatment plant has been built. Plaintiff alleges that MCSP has been fined by the Regional Water Quality Control Board due to the inadequate wastewater treatment plant.

Plaintiff alleges that as a result of the inadequate MCSP wastewater treatment plant, he has been forced to consume and bathe in water that is contaminated with industrial and human waste. Plaintiff also alleges that there are seven sites at MCSP where contaminated water is leaking from damaged underground sewage pipes. Plaintiff alleges that on certain days, the strong smell of gas coming from these sewage pipes causes plaintiff lightheadedness, headaches and nausea.

Plaintiff also alleges that there are sink holes in the yard from the sewage water and a dark, oily-like film can be seen on the surface of the water in these holes. Plaintiff alleges that the water in these holes smells like feces, gas, oil, chemical and raw sewage.

Plaintiff alleges that he has complained about the symptoms he suffers as a result of being exposed to contaminated water and odors coming from the leaking sewage pipes. Plaintiff alleges that the nurses "assured" him that the water was not contaminated and that his symptoms were caused by his medication so there was nothing they could do for him. Plaintiff alleges that his primary care physician told him that he does not think there is anything wrong with the water.

Plaintiff alleges that defendants Lizarraga, Covello, Toche and Gipson have failed to put out memoranda or notices informing plaintiff of the seriousness of the contaminated water that he is forced to drink and bathe in. Plaintiff alleges that there is a sign in the prison warning visitors and employees not to let their children or pets come in contact with the water coming from the MCSP with "biohazard" printed on the top of the sign.

Plaintiff alleges that despite their knowledge that the MCSP water is contaminated due to the inadequate wastewater treatment plant, defendants Lizarraga and Covello failed to fulfill the contract to construct the tertiary wastewater treatment plant. These allegations state a potentially colorable claim for relief.

Plaintiff alleges that defendants Diaz, Toche and Gipson knew, or should have known about the water contamination problem at MCSP which resulted from the failure to construct the tertiary wastewater treatment plant, as required by the contract. Plaintiff alleges that defendants Diaz, Toche and Gipson failed to act on this ongoing problem. These allegations state a potentially colorable claim for relief.

Plaintiff alleges that defendant Newsom is liable for the alleged water contamination because defendant Newsom is "charged with the duty of refrain[ing] from trespassing on the constitutional rights of the California state prisoners…" Plaintiff alleges that defendant Newsom knew or should have known about the contaminated water and inadequate sewage treatment plant at MCSP. Plaintiff allege that defendant Newsom had to have known of the inadequate sewage treatment plan because of contracts awarded to MCSP throughout the years to make repairs on the sewage pipes. Plaintiff also alleges that defendant Newsom should have known of the inadequate sewage. Plaintiff also alleges that MCSP has received upwards of $900,000 in government funds throughout the years to build the tertiary water treatment plant, but the money has not been put to

4

proper use.

Plaintiff appears to claim that the State of California allocated money to MCSP to pay for construction of the tertiary wastewater treatment plant, i.e., upwards of $900,000, but MCSP officials (possibly including some named defendants) failed to use the money to build the tertiary water treatment plant.  Based on these allegations, plaintiff's theory of liability against defendant Governor Newsom is unclear.

A civil rights complaint must allege an actual connection or link between the conduct of specific defendants and plaintiff's alleged constitutional deprivations.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.").  Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Because plaintiff has not alleged sufficient facts to state a potentially colorable claim against defendant Newsom, the claims against defendant Newsom are dismissed with leave to amend.

Plaintiff may proceed forthwith to serve defendants Lizarraga, Covello, Diaz, Toche and Gipson, and pursue his claims against only those defendants or he may delay serving any defendant and attempt to state a cognizable claim against defendant Newsom.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against the defendant Newsom, he has thirty days so to do.  He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Lizarraga, Covello, Diaz, Toche and Gipson, against whom he has stated a potentially cognizable claim for relief, he shall return

5

the attached notice within thirty days.  Following receipt of that notice, the court will order

service of defendants Lizarraga, Covello, Diaz, Toche and Gipson.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant

and the action that defendant took that violated his constitutional rights.  The court is not required

to review exhibits to determine what plaintiff's charging allegations are as to each named

defendant.  The charging allegations must be set forth in the amended complaint so defendants

have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought

in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

of a constitutional right if he does an act, participates in another's act or omits to perform an act

he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the

victim of a conspiracy, he must identify the participants and allege their agreement to deprive him

of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

which was adopted to focus litigation on the merits of a claim.");  Fed. R. Civ. P. 8.  Plaintiff must

not include any preambles, introductions, argument, speeches, explanations, stories, griping,

1   vouching, evidence, attempts to negate possible defenses, summaries, and the like.  McHenry v.

2   Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for

3   violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998)

4   (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in

5   prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's

6   pleading within minutes.  McHenry, 84 F.3d at 1179-80.  A long, rambling pleading including

7   many defendants with unexplained, tenuous or implausible connection to the alleged

8   constitutional injury, or joining a series of unrelated claims against many defendants, very likely

9   will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's

10  action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

11          A district court must construe a pro se pleading "liberally" to determine if it states a claim

12  and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

13  opportunity to cure them.  See Lopez, 203 F.3d at 1130-31.  While detailed factual allegations are

14  not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

15  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

16  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

17  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556

18  U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

19              A claim has facial plausibility when the plaintiff pleads factual
20          content that allows the court to draw the reasonable inference that the
            defendant is liable for the misconduct alleged. The plausibility
21          standard is not akin to a "probability requirement," but it asks for
            more than a sheer possibility that a defendant has acted unlawfully.
22          Where a complaint pleads facts that are merely consistent with a
            defendant's liability, it stops short of the line between possibility and
23          plausibility of entitlement to relief.

24  Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions

25  can provide the framework of a complaint, they must be supported by factual allegations, and are

26  not entitled to the assumption of truth.  Id. at 1950.

27          An amended complaint must be complete in itself without reference to any prior pleading.

28  Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015)

1   ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-

2   existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original

3   pleading is superseded.

4       By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and

5   has evidentiary support for his allegations, and for violation of this rule the court may impose

6   sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

7       A prisoner may bring no § 1983 action until he has exhausted such administrative

8   remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  Booth v.

9   Churner, 532 U.S. 731, 741 (2001).  California prisoners or parolees may appeal "departmental

10  policies, decisions, actions, conditions, or omissions that have a material adverse effect on the[ir]

11  welfare. . . ."  Cal. Code Regs. tit. 15, §§ 3084.1, et seq.  An appeal must be presented on a CDC

12  form 602 that asks simply that the prisoner "describe the problem" and "action requested."

13  Therefore, this court ordinarily will review only claims against prison officials within the scope of

14  the problem reported in a CDC form 602 or an interview or claims that were or should have been

15  uncovered in the review promised by the department.

16      Accordingly, IT IS HEREBY ORDERED that:

17      1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

18      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

19  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

20  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

21  Director of the California Department of Corrections and Rehabilitation filed concurrently

22  herewith.

23      3.  Claims against defendant Newsom are dismissed with leave to amend.  Within thirty

24  days of service of this order, plaintiff may amend his complaint to attempt to state cognizable

25  claims against these defendants.  Plaintiff is not obliged to amend his complaint.

26      4.  The allegations in the pleading are sufficient to state a cognizable claim against

27  defendants Lizarraga, Covello, Diaz, Toche and Gipson.  See 28 U.S.C. § 1915A.  If plaintiff opts

28  to proceed on his original complaint as to these defendants, he shall return the attached notice

8

within thirty days of service of this order.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: April 12, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Hay2346.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEON HAYGOOD,

               Plaintiff,

     v.

GAVIN NEWSOM, et al.

               Defendants.

No.  2: 20-cv-2346 KJN P

<u>NOTICE</u>

           Plaintiff opts to proceed with the original complaint as to defendants Lizarraga, Covello, Diaz, Toche and Gipson.
Plaintiff consents to the dismissal of defendant Newsom without prejudice.

     _____

     OR

     \_\_\_\_\_ Plaintiff opts to file an amended complaint and delay service of process.

DATED:

                           _____
                           Plaintiff